RAMSDELL v. NATIONAL RIVET & NOVELTY CO. et al.

(Circuit Court, D. West Virginia.   October 6, 1900.)

EVIDENCE—PROCEEDINGS OF CORPORATIONS—RECORDS.

> Under Code W. Va. c. 53, § 52, which requires corporations to keep records of their proceedings, the records of a corporation of that state constitute the best evidence of facts which should be shown thereby, such as the names of incorporators and officers, the action taken at meetings, etc.

On Exceptions to Master's Report.

Hoadley, Lauterbach & Johnson and Walker & Syme, for plaintiff.
Chilton, McCorkle & Chilton and Dill, Seymour & Kellogg, for defendants.

JACKSON, District Judge. This case is now heard upon exceptions to the master's report. The first exception taken by the plaintiff to the report insists that there is no evidence to sustain the conclusion of the master that the corporation was organized on the 5th day of October, 1891. The certificate of incorporation was issued by the secretary of state of West Virginia on the 11th day of September, 1891, and the evidence of H. B. Haigh, at page 2 of the defendants' depositions, shows that on the 28th day of September, 1891, special notice was given by a majority of the incorporators, by publication in the New York Evening Post, of a "meeting of the stockholders of the National Rivet and Novelty Company at the office of Ernest C. Webb, 181 Broadway, New York City, on October 5th, 1891, at 4 o'clock p. m., for the purpose of electing a board of directors, making and adopting by-laws, and transacting any other business which may be lawfully done in general meeting." The witness testifies that that meeting was held, and that there were present a majority of the incorporators of the defendant company, and that there was an election of officers for the company. There is an exception to this finding of the master, and I presume the exception is founded upon the fact that there were no records or minutes of any character produced before the master for the purpose of showing what transpired at that meeting. As to the fact that the meeting was held, I do not deem it important that the records of what transpired at the meeting should be produced. That is an independent fact, which may be proven by any witness who was present (that the meeting was held), but what transpired at that meeting, or after the organization of the company, should be a matter of record as pro-

vided for in section 52, c. 53, of the Code of West Virginia. In this connection it is contended by counsel for the plaintiff that the defendant company has never complied with the laws of the state of West Virginia in appointing an attorney in fact, as required by the statute, so that process could be served upon said attorney in fact. I do not regard this as material to the questions now before the court. A failure upon the part of the company to comply with the provisions of the laws of the state in regard to the organization of corporations is a matter for the state to deal with. The commissioner was required by the decree to ascertain by whom the corporation was organized, and under that requirement he finds that it was organized by the following persons: Ernest C. Webb, H. S. Reynolds, George P. Benjamin, A. M. Brush, Walter Snyder, J. H. Snyder, H. C. Mechling, and H. B. Haigh. To support his finding the master relies upon the deposition of H. B. Haigh. This evidence is, in the opinion of the court, entirely insufficient to sustain any such finding. What transpired at the meeting of the incorporators, and each and every act of the incorporators, must necessarily be a matter of record, as provided for and required by the acts of assembly supra. The master makes no reference to the production of the minutes and records of the proceedings that took place on the 5th day of October, 1891, nor is any legal reason given why such records are not produced, if any in fact exist.

The first, second, third, and fifth exceptions taken by the plaintiff to the master's finding are based upon the fact that these records were not produced, so as to disclose who of the incorporators were present, and who were elected officers of the company. The court, for the reasons assigned, is of opinion to sustain the exceptions to the master's report as to so much of his finding as is based upon parol evidence in the case of what transpired at the meeting of the incorporators when it is claimed the company was organized. As to the remainder of the exceptions taken, the court is of opinion to postpone its action upon them until the final hearing of the cause, as the exceptions involve the merits of the controversy, and for the additional reason that, if it should appear from the master's report hereafter to be filed that the company was never organized according to law, then there would be no necessity for the court to consider the other exceptions filed in this cause. And, inasmuch as one of the prayers of the bill is to require the defendants to produce the records and minutes of their proceedings, it is ordered that the defendant company produce before the master all the minutes and records of their proceedings from and including the organization of the company down to the commencement of this action, upon pain and penalty of having their answer stricken from the records of this case if they fail or neglect to do so.