GRAIN KING MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29820. Promulgated December 18, 1928.

*George E. Wallace, Esq.*, and *H. R. Robertson, C. P. A.*, for the petitioner.

*A. H. Murray, Esq.*, for the respondent.

794

OPINION.

LANSDON: There are three issues to be determined in this proceeding—(1) the correct opening inventory for the taxable year 1924; (2) the proper deductions for depreciation in each of the years, and;

(3) whether organization expenses should be deducted in computing net income.

On January 24, 1924, petitioner received from a group of individuals in exchange for all of its capital stock of a par value of $300,000, certain assets which it set up on its books at a value of $444,936.81. Standing as a liability against this amount was a mortgage assumed in the amount of $110,000. The respondent has held that the proper basis for computing the cost of goods sold in the first taxable year and deductions for depreciation in each of the years herein involved is the cost to the group of individuals who paid the property in to petitioner for stock.

The Revenue Act of 1924 provides, in part, as follows:

SEC. 203. (b) (4) No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

SEC. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property except that—

\* \* \* \* \* \* \*

(8) If the property (other than stock or securities in a corporation a party to a reorganization) was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in paragraph (4) of subdivision (b) of section 203 (including also, cases where part of the consideration for the transfer of such property to the corporation was property or money in addition to such stock or securities), then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made;

\* \* \* \* \* \* \*

(c) The basis upon which depletion, exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the same as is provided in subdivision (a) or (b) for the purpose of determining the gain or loss upon the sale or other disposition of such property, except that in the case of mines, oil and gas wells, discovered by the taxpayer after February 28, 1913, and not acquired as the result of purchase of a proven tract or lease, where the fair market value of the property is materially disproportionate to the cost, the basis for depletion shall be the fair market value of the property at the date of discovery or within thirty days thereafter; but such depletion allowance based on discovery value shall not exceed 50 per centum of the net income (computed without allowance for depletion) from the property upon which the discovery was made, except that in no case shall the depletion allowance be less than it would be if computed without reference to discovery value.

From the above sections of the statute it is clear that the opening merchandise inventory to be used by petitioner in computing cost of goods sold during its first taxable year should be the cost to individuals who transferred the property to petitioner in exchange for stock, and that depreciation for each of the taxable years should be computed on the cost of the assets to such individuals.

We have held that expenses of organization and refinancing are not deductible as ordinary and necessary operating expenses. *Blumberg Brothers Co.*, 12 B. T. A. 1021; *Clarence Whitman & Sons, Inc.*, 11 B. T. A. 1192; *Holeproof Hosiery Co.*, 11 B. T. A. 547; *Emerson Electric Manufacturing Co.*, 3 B. T. A. 932; *First National Bank of St. Louis*, 3 B. T. A. 807; and *Logan-Gregg Hardware Co.*, 2 B. T. A. 647. There is nothing in the record to indicate the nature of the expenses for which petitioner seeks a deduction; but the parties are agreed that they were expended in connection with petitioner's organization. The respondent's disallowance of the item is approved.

*Decision will be entered for the respondent.*