**GREEN OIL SOAP CO. v. REINECKE, Collector of Internal Revenue.**

District Court, N. D. Illinois, E. D. December 18, 1929.

No. 36619.

Gallagher, Kohlsaat, Rinaker & Wilkinson, of Chicago, Ill., for plaintiff.

George E. Q. Johnson, U. S. Dist. Atty., of Chicago, Ill. (J. P. Barnes, Sp. Atty., Bureau of Internal Revenue, of Chicago, Ill., of counsel), for defendant.

WOODWARD, District Judge. A jury was waived in writing and the cause was submitted to the court for trial on a stipulation as to the facts.

The plaintiff, Green Oil Soap Company, an Illinois Corporation, is the successor by merger of the Monohan Antiseptic Company. The Monohan Company was organized in 1904 by P. J. Monohan, Wilbur M. Kelso, and George W. Hicks. At the time of the organization of the company it was verbally agreed between the three organizers, as directors and officers of the company, that the difference between the salaries paid to Monohan and Kelso and the amount paid to Hicks should be equalized at such time as the company should be financially able to pay Hicks that difference. During the period from 1904 to December 31, 1917, the difference was approximately $10,000. The salaries paid to Monohan and Kelso during the period from 1904 to 1918 were reasonable and proper, and the services of Hicks over the same period were reasonable, with the same compensation as that paid to Monohan and Kelso.

At the annual meeting of the board of directors of the company held on June 14, 1919, a resolution was adopted to pay Hicks, in full settlement of the compensation due him for services over 14 previous years, 313 shares of the common stock of the company, of the par value of $7,825, which stock was issued to him.

During the years 1919 and 1920 the books were kept, and the income tax returns were rendered, on an accrued basis. In its income tax return for 1919, the company claimed a deduction of $7,825 as salary accrued and

paid to Hicks as compensation for past services, which deduction was denied, and taxes thereon were assessed. The company paid, under protest, $2,611.31 as taxes and interest on account of such assessment. By this action plaintiff seeks to recover the amount so paid.

The issue presented is as to whether the deduction claimed by the plaintiff is allowable. The statute involved is section 234 of the Revenue Act of 1918 (40 Stat. 1077), which, so far as pertinent, reads:

"Sec. 234(a) That in computing the net income of a corporation * * * there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered. * * * "

The first question for determination is: Was the liability to pay Hicks the additional compensation plaintiff seeks to deduct incurred within the taxable year? In the case of S. Naitove & Co. v. Commissioner, 59 App. D. C. 53, 32 F.(2d) 949, it is said on pages 950, 951:

"Construing the provisions of the income tax law here involved, we are of the opinion that under the accrual system of accounting * * * liabilities or expenses will be considered to have accrued only when the events have occurred from which liability or expense can be determined and fixed, even though payment is not yet due."

To the same effect is the case of Ox Fibre Brush Co. v. Blair (C. C. A.) 32 F.(2d) 42.

The verbal agreement of 1904 created only a contingent liability. It operated only as a possible future obligation. A contingent liability is not incurred, and does not accrue, until all the facts determinative of the liability have occurred. The liability in this case was contingent upon the financial ability of the company to pay Hicks the difference in salary.

It is urged by counsel for plaintiff that the liability of the company to pay this additional compensation did not accrue until voted by the board of directors in 1920. Counsel for defendant urge that plaintiff has the burden of proving when it became financially able to pay, and that the resolution of its board of directors, passed in 1919, did not establish that the financial ability to pay accrued during that year.

That the plaintiff had the burden of proving financial ability to pay is unquestioned. In order to justify the deduction, it must prove as a fact the liability was incurred during the taxable year. W. K. Henderson Iron Works & Supply Co. v. Blair, Commissioner, 58 App. D. C. 114, 25 F.(2d) 538.

By the stipulation plaintiff became financially able to equalize Hicks' compensation with the salary of Monohan and Kelso in the year 1919. This is conclusively inferred from the resolution. By establishing that it had financial ability to make the equalization in 1919, plaintiff made out a prima facie case. It sustained its burden of proof. Whether it was financially able to make the equalization in some prior year would be a mere matter of speculation. Having established its financial ability to equalize the salaries in 1919, plaintiff has established as a fact, until the contrary is shown, that the liability accrued in that year. For the purposes of this case, it must be considered, therefore, that the contingency happened and the liability was incurred in 1919.

The next question is: Does the Revenue Act of 1918 permit the deduction of a reasonable compensation in the year in which the liability accrued, where the books are kept on an accrued basis, even though the services were rendered in previous years. By the stipulation it is agreed that the amount paid Hicks was reasonable.

In the case of Ox Fibre Brush Company v. Blair, supra, it was specifically held that the deduction for compensation paid or incurred in the taxable year is not limited to the year in which the services were rendered, but depends solely upon the question: When did the liability accrue, if the books of the taxpayer are kept on an accrual basis? The court there said, at page 45:

"It is our conclusion that such deductions are permissible. The language of the statute with respect to allowable deductions is 'all the ordinary and necessary expenses *paid or incurred* during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services *actually rendered.*' [Italics inserted.] The statute does not limit its application to services *rendered within the taxable year.* The test of whether an item is deductible lies in the answer to the question: In what year has a fixed liability for its payment arisen? Only for such year is the payment deductible, and, therefore, it is not to be allocated over other years in which the services may have been rendered. This is quite different from saying that, where, as here, books are kept on the accrual basis, the deduction may not include compensation, *fixed* or paid in the taxable year, for services rendered in prior

years. In defining the terms 'paid or incurred' and 'paid or accrued,' the act (section 200, 40 Stat. 1058) merely says that they 'shall be construed according to the method of accounting upon the basis of which the net income is computed under section 212'; that is, on the cash or the accrual basis, or by such other method as clearly reflects the income. But a salary can neither be 'incurred' nor can it have 'accrued' until the payor's liability for the same has been fixed; that is, until the company, in the present case, has voted it payable."

In the case of Edwards v. Keith (C. C. A.) 231 F. 110, it is said on page 112:

"The statute does not provide that the 'personal services,' compensation for which is to be considered income, must be rendered in the same year in which the compensation is received."

■ The court is of opinion that under the Revenue Act of 1918, as construed by the cases above quoted from and from others cited on the argument, there is no justification for the contention that the deduction for compensation for personal services actually rendered is limited to services rendered within the taxable year.

Nothing that is held in the case of Bogle & Co. v. Commissioner (C. C. A.) 26 F.(2d) 771, militates against the cases above cited. In the Bogle Case, a deduction was claimed for a salary voted the president in 1917 on account of services rendered in 1915 and 1916. The salary of the president, during the years 1915 and 1916, had been fully paid. There was no prior agreement to pay him additional compensation. There was no showing that his prior compensation was inadequate.

The court holds that the deduction claimed by plaintiff was proper, and should have been allowed.

Judgment will be entered for plaintiff.