THE HAAS BUILDING COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32937.   Promulgated March 4, 1931.

*John C. Altman, Esq.*, for the petitioner.

*Eugene Meacham, Esq., C. E. Lowery, Esq.*, and *Bruce A. Low, Esq.*, for the respondent.

530

OPINION.

SEAWELL: The parties are agreed that the sole issue for disposition is whether, in determining the profit from the sale by petitioner of certain securities in 1924 and 1925, the basis or starting point should be the cost of such securities to Fannie K. Haas, the party by whom these securities (or those for which they were exchanged) were transferred to petitioner, or whether it should be their cost to petitioner. As indicated by the foregoing statement and by our findings, we are here concerned only with property received by petitioner from Fannie K. Haas in a transaction by which Fannie K. Haas transferred certain assets to petitioner in exchange for more than 80 per cent of petitioner's capital stock. As to this transaction the parties are agreed (and we think properly so) that section 203 (b) (4) of the Revenue Act of 1924 is applicable and prevents a recognition of gain or loss to Fannie K. Haas for income tax purposes on account of such exchange. No gain or loss was reported by Fannie K. Haas with respect to the transaction; the Commissioner made the determination with which we are concerned on the basis of the applicability of section 203 (b) (4) to the aforementioned transaction; and in its brief the petitioner made the following statement:

At the outset, it must be conceded by petitioner that Fannie K. Haas transferred to it certain property in exchange for stock of petitioner and that immediately after the exchange, Fannie K. Haas was in control of petitioner, within the definition and purview of subdivision (b) (4) and subdivision (i) of Section 203 of the Revenue Acts of 1924 and 1926. It must further be conceded that since the property acquired by petitioner from Fannie K. Haas was acquired after December 31, 1930, that Section 204, subdivision (a) (8) of the Revenue Acts of 1924 and 1926 purports to fix as the cost basis of such property to petitioner, the same basis that such property had to Fannie K. Haas, the transferor.

The issue then presented is the basis or starting point to petitioner in determining gain or loss on account of the sale of property which was received under conditions where section 203 (b) (4) is applicable. Section 204 (a) (8) of the Revenue Acts of 1924 and 1926 provides as follows:

SEC. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

\*　　\*　　\*　　\*　　\*　　\*　　\*

(8) If the property (other than stock or securities in a corporation a party to a reorganization) was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in paragraph (4) of subdivision (b) of section 203 (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money in addition to such stock or securities), then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.

The foregoing section provides in unmistakable terms that where the sale of such property is involved the " basis shall be the same as it would be in the hands of the transferor," with certain adjustments not here material. The contention of the petitioner, however, is that the transferor basis should not here be applied for the reason that in so doing the rights of third parties are adversely affected in a manner which is violative of the Constitution. That is, it is contended in effect that when the petitioner is required to pay a tax on the profit derived from the sale of property received from Fannie K. Haas and when such profit is determined as the difference between the cost of such property to Fannie K. Haas and its selling price by petitioner, the stockholders of petitioner, who were not interested as owners of such property prior to the exchange, are indirectly being required to contribute to the payment of a tax on a profit, a part of which accrued to Fannie K. Haas prior to the exchange. In a sense this may be true, but we fail to see wherein such considerations would necessarily mean that a tax determined

upon such basis is inequitable, arbitrary, or confiscatory. Of course, in any case where we are concerned with a transaction by which the transferor received less than 100 per cent, but at least 80 per cent, of the total outstanding stock of the transferee corporation, the rights of third parties may be affected by the application of section 203 (b) (4) and section 204 (a) (8), but whether such effect is adverse, or even if adverse, whether it amounts to confiscation or is to be considered arbitrary in the sense that it would require the conclusion that the statute is unconstitutional, are entirely different questions. It is true that the stock received by the minority interest in this case was not in the exact proportion in relation to the value of assets transferred as that of the party who received the controlling interest, but apparently the minority interest voluntarily carried out its part of the transaction and that with a full knowledge of the stock being issued to the majority interest. Well may there have been other considerations which induced the minority interest to consider the transaction fair and advantageous from its standpoint and which would offset the possible detriment to accrue to it on account of the additional tax here complained of when the transferor basis is used with respect to property received from the controlling interest. And even where stock is issued to the minority interest on the same terms as to the controlling interest, a similar objection might be raised on the ground that a proportionately greater amount of profit might have accrued with respect to one class of property than the other. The use of the transferor basis as set out in section 204 (a) (8) has heretofore been upheld as not in violation of the Constitution. *Newman Saunders & Co.* v. *United States*, 36 Fed. (2d) 1009 (certiorari denied, 281 U. S. 760), and *Osburn California Corporation* v. *Welch*, 39 Fed. (2d) 41. In both of the above cases it was pointed out that it was within the power of Congress to prescribe the use of the transferor basis where no tax was imposed on the profit resulting from the exchange by which the property was transferred to the corporation. While the question of the effect of a minority interest was apparently not raised, for reasons heretofore stated, we are of the opinion that this does not change the situation. Not only does the transferee corporation take the assets for which it exchanges its stock, subject to the burden of the income tax which might properly be assessed in the ultimate disposition of such assets, but also the minority interest may be said to have exchanged its assets for stock subject to the same condition with respect to any profit or losses which might be recognized on behalf of the transferee corporation. Cf. also *United States* v. *Phellis*, 257 U. S. 156, and *Taft* v. *Bowers*, 278 U. S. 470.

On the whole, we are satisfied that the use of the transferor basis with respect to the property with which we here are concerned is

required by section 204 (a) (8) and we see nothing in the use of such basis, even where a minority interest is involved, which can necessarily be considered as arbitrary or confiscatory in the sense that it is violative of the Constitution. The Commissioner's action in using the transferor basis is accordingly approved, though the deficiency for 1925 should be recomputed, since in the deficiency notice the cost to Fannie K. Haas of 1,000 shares of second preferred stock of San Joaquin Light & Power Corporation stock was fixed at $65,000 whereas in the stipulation such cost is shown as $70,000.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*