*1128 OPINION.
McMahon:
The sole question for decisipn here is whether the respondent erred in disallowing as a deduction in each of the years 1927 and 1928 the amount of $5,200 contributed in each of those years by the petitioner to the Industrial Club of St. Louis.
Section 234 of the Revenue Act of 1926 and section 23 of the Revenue Act of 1928 allow as deductions all the ordinary and necessary expenses paid or incurred by a corporation during the taxable year in carrying on any trade or business.
The evidence discloses that the Industrial Club of St. Louis was organized for the purpose of advancing industrial and public interest in St. Louis, that such club did not have any capital stock or shares, and that it was not organized for pecuniary profit of the association or any of its members.
The facts in this proceeding were stipulated and in such stipulation there is no specific evidence to show that the petitioner made the contributions in question with the expectation of deriving any business benefit therefrom. However, when we consider that the petitioner’s business was that of banking in St. Louis, and that the program of the Industrial Club of St. Louis was directed toward improving business in general in St. Louis, we deem it obvious that the petitioner’s contributions were made with such expectations of profit. It is, therefore, our opinion that the contributions should be allowed as deductions in the years made under the authority of Emery, Bird, Thayer Dry Goods Co., 20 B. T. A. 796; and Yamhill Electric Co., 20 B. T. A. 1232, and cases cited in both. It is the contention of the respondent that those cases are not governing for the reason that some benefit flowed directly to the donating corporations, whereas in the instant proceeding we have no evidence that any benefit whatever flowed to this petitioner as a result of its contributions. However, it is sufficient if the petitioner was motivated by a reasonable expectation that its business would, profit by reason of the contributions. As was stated in American Rolling Mills Co. v. Commissioner, 41 Fed. (2d) 314, which was quoted with approval in Yamhill Electric Co., supra, “The question always is whether, balancing the outlay against the benefits to be reasonably expected, the business interests of the taxpayer will be advanced.”

Judgment will be entered under Bule 60.