SCONSET OIL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40527.   Promulgated June 15, 1932.

*Robert D. Charlton, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

LANSDON: The only controversy in this proceeding relates to the basis for computing profit from the sale of assets acquired by the petitioner from an individual in exchange for all of its capital stock. The respondent has determined that the basis is to be determined under section 204 (a) (8) of the Revenue Act of 1926 and that it is cost of the property to the transferor. The petitioner contends that the basis is cost of the assets, which is the fair market value of the stock paid therefor.

Section 204 (a) (8) of the Revenue Act of 1926 [1] provides that where property is acquired by a corporation for stock in connection with a transaction described in paragraph (4) of subsection (b) of section 203 [2] the basis for computing profit or loss shall be the same as it would have been in the hands of the transferor. We have held repeatedly that section 204 (a) (8) is applicable to a situation such as that presented here. *Perthur Holding Co.*, 23 B. T. A. 1128; *Paradox Land & Transport Co.*, 23 B. T. A. 1228; *Burlington Gazette Co.*, 21 B. T. A. 156; and *Haas Building Co.*, 22 B. T. A. 528. Upon authority of the above decisions the respondent's determination is approved.

The petitioner alleges that section 204 (a) (8) of the Revenue Act of 1926 is unconstitutional as violating the Fifth Amendment. The similar section of the Revenue Act of 1924 has been before the Federal courts on at least two occasions and its constitutionality has been upheld. *Newman, Saunders & Co.* v. *United States*, 68 Ct. Cls. 641; 36 Fed. (2d) 1009; certiorari denied, 281 U. S. 760; and *Osburn California Corporation* v. *Welch*, 39 Fed. (2d) 41; certiorari denied, 282 U. S. 850. Upon authority of those decisisons we uphold the validity of the section questioned.

*Decision will be entered for the respondent.*

---

[1] SEC. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

*        *        *        *        *        *        *

(8) If the property *   *   * was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in paragraph (4) of subdivision (b) of section 203 *   *   * then the basis shall be the same as it would be in the hands of the transferor, *   *   *

[2] SEC. 203. (b) (4) No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; *   *   *