R. M. WALKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32545. Promulgated June 22, 1932.

*O. R. Folsom-Jones*, Esq., and *J. S. Y. Ivins*, Esq., for the petitioner.

*Philip M. Clark*, Esq., for the respondent.

**OPINION.**

LANSDON: The petitioner has introduced much evidence to show that at all times here material the corporation had a paid-in surplus greater than the distribution here questioned; and contends that in view of the authority granted to it by the Commissioner of Corporations of the State of California to disburse such surplus, and the action of its board of directors directing the same, it must be presumed that the payment to him was made therefrom and not from earnings accrued after the date of incorporation. In our opinion the taxability of the distribution in question is determined by the plain

letter of the law. Under the provisions of the Revenue Act of 1921, which is applicable here, corporate dividends are defined as follows:

SEC. 201. (2) That the term "dividend" when used in this title * * * means (1) any distribution made by the corporation to its shareholders or members, whether in cash or other property, out of its earnings or profits accumulated since February 28, 1913 * * *.

Respecting distribution made by corporations, the same act provides:

SEC. 201. (b) For the purpose of this Act *every distribution is made out of earnings or profits*, and from the most recently accumulated earnings or profits to the extent of such earnings' or profits accumulated since February 28, 1913 * * *. [Italics supplied.]

It would seem clear from the above quoted provision of the revenue act that Congress intended to tax any distribution made by a corporation to its stockholders, though in terms from paid-in capital or surplus, to the extent that payment thereof is made from accumulated earnings retained in the treasury as earned surplus. *Chattanooga Savings Bank* v. *Brewer*, 9 Fed. (2d) 982. The respondent held that the $100,000 payment to the petitioner in 1923 was made out of accumulated corporation earnings. To show error in such determination it is necessary for the petitioner to prove, not that it had paid-in surplus in an amount equal to the distribution, but that it had no earnings out of which that sum or any part of it could have been paid. This he has failed to do, and, since that negative showing is an essential element to establish error on the part of the respondent, we must hold against the contention of the petitioner in this appeal. *T. Irving Hadden, Executor*, 17 B. T. A. 956; *Douglas* v. *Edwards*, 298 Fed. 229.

*Decision will be entered for the respondent.*