W. A. FARIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41655. Promulgated June 22, 1932.

*Clark A. Milliron, Esq.,* and *E. S. Brashears, Esq.,* for the petitioner.

*Philip M. Clark, Esq.,* for the respondent.

OPINION.

LANSDON: In respect to the first issue which relates to petitioner's tax for 1923, we have held contrary to the contention here urged by him upon the identical facts in the companion case of *R. M. Walker*, 26 B. T. A. 494, decided this day. Consistent with that opinion we now hold against the petitioner on that issue in this case.

Respecting the second issue, the petitioner argues that the basis for determining the cost to him of the 10,002 shares of stock in the Faris-Walker Corporation, which he sold in 1924, should be the value of the assets exchanged for such stock at the time the corporation was organized in 1922. Under the facts shown, the transaction is governed by the mandatory provisions of section 203 (b) (4) and 204 (a) (6) of the Revenue Act of 1924.[1] The petitioner and his partner, Walker, together owned in equal proportion all of the partnership assets which they turned over to the corporation in exchange for its capital stock at the time of its organization in January, 1922. Immediately after this exchange these partners were in absolute control of the corporation owning its entire stock issue in exact proportion to their prior interests in the partnership. In no respect was that ownership changed or varied until the petitioner sold his interests in August, 1924. In consideration of these facts the respondent determined that the cost to the petitioner of the stock sold was $460,493.94. In the absence of any showing of a different or greater cost to petitioner of his interest in the partnership assets which he

---

[1] SEC. 203. (a) Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 202, shall be recognized, except as hereinafter provided in this section.

\* \* \* \* \* \* \*

(b) (4) No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

SEC. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

\* \* \* \* \* \* \*

(6) If the property was acquired upon an exchange described in subdivision (b), (d), (e) or (f) of section 203, the basis shall be the same as in the case of the property exchanged, decreased in the amount of any money received by the taxpayer and increased in the amount of gain or decreased in the amount of loss to the taxpayer that was recognized upon such exchange under the law applicable to the year in which the exchange was made. If the property so acquired consisted in part of the type of property permitted by paragraph (1), (2), (3), or (4) of subdivision (b) of section 203 to be received without the recognition of gain or loss, and in part of other property, the basis provided in this paragraph shall be allocated between the properties (other than money) received, and for the purpose of the allocation there shall be assigned to such other property an amount equivalent to its fair market value at the date of the exchange. This paragraph shall not apply to property acquired by a corporation by the issuance of its stock or securities as the consideration in whole or in part for the transfer of the property to it.

exchanged for said stock, the determination of the respondent must be sustained. *D. O. James Mfg. Co.*, 17 B. T. A. 205; *Grain King Mfg. Co.*, 14 B. T. A. 793; *Haas Building Co.*, 22 B. T. A. 528; and *Newman, Saunders & Co.* v. *United States*, 281 U. S. 760.

*Decision will be entered for the respondent.*

