## SOUTHERN POWER & MANUFACTURING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 57512.   Promulgated December 26, 1933.

*John J. Finnorn, Esq.*, for the petitioner.
*De Witt M. Evans, Esq.*, for the respondent.

OPINION.

LANSDON: The basis for the deficiency determined by the respondent is that the profit realized by the petitioner in the sale of its capital assets must be computed under the provisions of section 112 (b) (5) and section 113 (a) (8) of the Revenue Act of 1928 [1] which he asserts are applicable to the facts established in the record. The petitioner contends that such provisions do not apply and the computation of profit must be governed by the exception in section 112 (b) (5), and that if such exception applies it is entitled to a basis for

---

[1] SEC. 112. (b) *Exchanges solely in kind.—* * * *

 * * * * * * *

(5) TRANSFER TO CORPORATION CONTROLLED BY TRANSFEROR.—No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and

computing profit from the sale equal to the fair market value of the assets acquired.

The exception relied on by petitioner is as follows:

* * * but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

The property in question is the lease of March 22, 1923. Petitioner contends that at the date of its exchange for stock such contract was the sole property of Pottharst. To support this contention Jones, Pottharst, and Morgan all testified orally at the hearing that prior to April 7, 1923, the contract was the sole property of Pottharst and that prior to that date neither Jones nor Morgan had any interest therein. If the record contained no other evidence such oral testimony would seem to establish the claim of the petitioner.

In rebuttal of the oral testimony of Jones, Pottharst, and Morgan, the respondent adduced in evidence the letter of April 7, 1923, which Pottharst wrote to petitioner and the minutes of the corporation of that date. In that letter Pottharst expressly states that " * * * the contract of lease * * * was entered into in my name alone for the purpose of convenience and that the said contract is in fact owned by the following named persons in the proportions set opposite their names: J. George Jones, 3/7ths; J. E. Pottharst, 3/7ths; and R. N. Morgan, 1/7th." At the meeting of the directors of the petitioner on the same day, the statement of the letter was accepted and on that basis stock was issued to the three incorporators. In this direct conflict of evidence we must accept that which is the more reasonable and convincing. In our opinion the contemporary documents must be taken in preference to oral testimony of interested witnesses ten years after the event in question. The general rule is that the properly proved records of a corporation establish the facts set out therein. *Central Electric Co.* v. *Sprague Electric Co.*, 104 Fed. 16. The real facts seem to us to be that in order to secure working capital Pottharst, Jones, and Morgan entered into the deal prior to the organization of the petitioner, with interests therein as set out in

securities received by each is substantially in proportion to his interest in the property prior to the exchange.

SEC. 113. (a) *Property acquired after February 28, 1913.*—The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

* * * * * *

(8) SAME—CORPORATION CONTROLLED BY TRANSFEROR.—If the property was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in section 112 (b) (5) (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money, in addition to such stock or securities), then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made; * * *

Pottharst's letter to the petitioner. We conclude, therefore, that upon incorporation the petitioner issued its stock to the three incorporators in exact proportion to their interests in the contract and that the exception relied on by the petitioner is not applicable.

In the light of our conclusion above the value of the assets in question at the date they were acquired by the petitioner is not material, since the basis for determining gain or loss on the subsequent disposition thereof is cost to the prior owners, plus any capital addition thereafter. There was no cost to such prior owners and the capital additions subsequent to acquisition have been allowed by the respondent, whose determination must be affirmed. *Grain King Mfg. Co.*, 14 B.T.A. 793; *Federal Grain Corp.*, 18 B.T.A. 242; *Paradox Land & Transport Co.*, 23 B.T.A. 1229; *Sconset Oil Co.*, 26 B.T.A. 419.

No evidence was offered in explanation of the negligence for which penalty is asserted and so the determination of the respondent in regard thereto must be affirmed.

*Decision will be entered for the respondent.*