*Decision will be entered under Rule 50.*

AMES RELIABLE PRODUCTS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100624.   Promulgated April 10, 1941.

*Ed. J. Kelley, Esq.*, for the petitioner.
*Gene W. Reardon, Esq.*, for the respondent.

OPINION.

TURNER: The Commissioner determined deficiencies for the fiscal year ended June 30, 1937, of $2,218.16 in the petitioner's income tax and $398.13 in its excess profits tax. The only issue presented is whether $10,000 of a bonus voted by the directors of the petitioner to its president accrued during the taxable year.

The facts were stipulated and as stipulated constitute our findings of fact.

The petitioner was incorporated on September 16, 1919, under the laws of the State of Iowa and is engaged in the manufacture and sale of poultry feeds, with its principal office at Ames, Iowa.

On June 26, 1937, the board of directors of petitioner adopted the following resolution:

Moved by C. G. Lee, seconded by J. M. Munsinger, that the bonus of W. T. Barr be adjusted at $12,000.00 * * * that $2,000.00 of the bonus to W. T. Barr be paid at once, and $10,000.00 be paid when all outstanding bonds have been retired and the cash position of the Company warrants.

Pursuant to said resolution $2,000 of the bonus was forthwith paid to W. T. Barr, president of the petitioner.

For the fiscal year ended June 30, 1937, the petitioner kept its books on the accrual basis and set up on its books as an expense for that period the unpaid balance of bonus of $10,000, which amount appeared as a liability on petitioner's books as at June 30, 1937. Its first mortgage bond indebtedness at the beginning of said fiscal year was $14,000, which liability was reduced to $12,000 at the end of the fiscal year.

The following is a copy of the minutes of a meeting of the board of directors of the petitioner held on December 1, 1938:

*       *       *       *       *       *       *

At a meeting of the Board of Directors of the Ames Reliable Products Company held on the above date the following Directors were present:

W. T. Barr                     C. G. Lee
P. F. Hopkins                  C. F. Barr
J. H. Warburton                J. M. Munsinger
              F. H. Schleiter

The meeting was called to order by the President, W. T. Barr.

The Minutes of the last meeting were read and approved. It was stated that the purpose of the meeting was to discuss and attempt to clarify the intention of the Directors regarding a resolution passed by the Board on the 26th day of June, 1937. After explanation and discussion the following resolution was offered:

WHEREAS, the Board of Directors of the Ames Reliable Products Co. on the 26th day of June, 1937, passed a resolution adjusting the bonus to be allowed W. T. Barr, Manager, for the year ending June 30, 1937, fixing the same at the sum of $12,000.00; and

WHEREAS, the Directors of said Company remain the same as they were on said date, and there are present at this meeting all of the Directors who participated in the meeting of June 26, 1937, except Director Geo. Myers; and

WHEREAS, said resolution was passed in good faith with the understanding and intention that said bonus should be established in favor of the said W. T. Barr and as an obligation against said company, and that the same should be paid as soon as the cash position of the Company would permit; and

WHEREAS, the cash position of the Company is now such as to permit the payment of said bonus; and

WHEREAS, The Revenue Department of the United States Government has criticized and erroneously interpreted the wording of said resolution on the ground that it is indefinite and uncertain; and

WHEREAS, this Board desires to make clear the intention and carry out the purpose of said resolution.

Now, THEREFORE, BE IT RESOLVED that this Board now declare that it was its understanding and intention at the time of passing said resolution that the amount of said bonus was and should be established as an obligation in favor of the said W. T. Barr and as against said corporation at the time of the adoption of said resolution, and that said bonus should be paid as soon as the cash position of the Company would warrant, and that in harmony with said resolution and purpose, the unpaid portion of said bonus be now paid in full.

Moved by C. G. Lee, seconded by J. M. Munsinger, the adoption of the above resolution. Motion carried unanimously.

No further business appearing the meeting adjourned.

F. H. SCHLEITER, *Secy.*

In accordance with the resolution adopted by the board of directors of petitioner on December 1, 1938, the said $10,000 balance was thereupon paid to W. T. Barr.

In its income tax return for the fiscal year ended June 30, 1937, the petitioner claimed the full $12,000 as a deductible bonus. In determining the deficiencies in controversy the respondent allowed only $2,000 of the amount claimed and disallowed the balance of $10,000 on the ground that the liability on the part of the petitioner for the payment of the amount did not accrue prior to June 30, 1937.

Petitioner contends that by reason of the adoption by its board of directors of the resolution of June 26, 1937, it incurred a definite and fixed liability to pay its president a bonus of $12,000 and that said amount accrued during its taxable year ended June 30, 1937, and was an allowable deduction for such year. As to the portion of the bonus not paid during the taxable year and disallowed by the respondent, namely $10,000, the respondent contends that the resolution merely created a contingent liability against the petitioner, the contingencies being the future retirement of the corporation's bonded indebtedness and its cash position being such as to warrant the making payment of such amount; that it was not until the adoption by the directors of the resolution of December 1, 1938, that an obligation to pay said amount was created and a definite and fixed liability on the part of the petitioner therefor was incurred; and that therefore the $10,000 was not an allowable deduction from income for the taxable year ended June 30, 1937.

The only information contained in the stipulation with respect to petitioner's bond indebtedness is that the amount of bonds outstanding was $14,000 at the beginning of the taxable year and $12,000 at the close. There is nothing in the stipulation to show that the petitioner had any definite plans for the retirement of the remaining bonds, neither do we have any information as to the financial or cash condition of petitioner during the taxable year other than may be inferred from the payment of the $2,000 bonus to W. T. Barr and the retirement of $2,000 of bonds. According to the terms of the resolution of June 26, 1937, the further payment of $10,000 was contingent upon the retirement of the outstanding bonds and the cash position of the company warranting it. There was no fixed or certain obligation to pay until the occurrence of those events. We know that the bonds were not retired and the only inference that may be drawn from the record is that the cash position of the company was not such at any time during the taxable year as to warrant the payment of the $10,000 here in question. Accordingly it may not be said that the said sum would ever become payable. It may be that the directors felt sure that the events would occur, but that feeling does not remove the contingency which they themselves placed in the resolution. Furthermore, the resolution of December 1, 1938, adopted after the deduction herein had been questioned by the respondent, does not change the situation. Rather than indicating that the contingency was not intended, the latter resolution indicates that the directors recognized that the obligation to pay was contingent upon the cash condition of the company warranting and as to that the declaration was that "the cash position of the Company is now such as to permit the payment of said bonus." There is no showing that the cash condition of the company was such at any time prior to December 1, 1938. The liability for the said sum did not accrue during the taxable year and the action of the respondent in disallowing the deduction claimed is sustained. *Commissioner* v. *Brooklyn Radio Service Corporation*, 79 Fed. (2d) 833, reversing 31 B. T. A. 269. Cf. *Commissioner* v. *Ox-Fibre Brush Co.*, 281 U. S. 115.

*Decision will be entered under Rule 50.*