FRANK G. WIKSTROM & SONS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38314.   Promulgated May 15, 1953.

*William J. Cosgrove, Esq.*, for the petitioner.
*John J. O'Toole, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $1,858.13 in income tax for the taxable period ended December 31, 1947.   The petitioner alleges that the Commissioner erred by including overhead expenditures in the closing inventories for 1947, 1948, and 1949 without making the same adjustment to the opening inventory for 1947, by not accepting the taxpayer's consistent method of inventorying and, in the application of his own method, by including in overhead such items as taxes and depreciation which are proper deductions from gross income.   The years 1948 and 1949 are involved because of net operating loss carry-backs.   The facts stipulated by the parties are adopted as the findings of fact.

The return for the period here involved was filed with the collector of internal revenue for the first district of New York.

Frank G. Wikstrom was engaged in business as a sole proprietor for many years.   The petitioner was incorporated on June 24, 1947. It transferred all of its stock to Wikstrom in exchange for all of the assets of his business as of July 1, 1947.   Wikstrom continued in control of the petitioner thereafter.   The transfer was within section 112 (b) (5) of the Internal Revenue Code.

The petitioner continued the business without change.   It consisted of the design and fabrication, modification, servicing and repair of special machinery, machine tools, dies, jigs, and fixtures, exclusively on specific contract, to the requirements or specifications of contracting parties.

The petitioner continued the same accrual method of accounting in keeping its books and reporting its income as had been employed by its predecessor continuously and consistently for many years.   The method included the use of inventories taken at cost but including only direct labor and material charges attributable to specific con-

tracts as costs of production. All other expenses were treated as general expenses in the year incurred, deductible as operating expenses of that year.

The Commissioner explained in the statement attached to the notice of deficiency that the petitioner had omitted $4,932 for 1947, $5,982.54 for 1948, and $7,918.26 for 1949 of indirect expenses in determining the cost of inventories of work in progress at the close of each year, which amounts were required to be included in the cost of those inventories under Regulations 111, section 29.22 (c)–3. He added those amounts to income in determining the deficiency. He further explained that the losses reported for 1948 and 1949 were correspondingly reduced and the reduced amounts were allowed as deductions for 1947 under section 122. He made certain other adjustments which are not contested.

The Commissioner recomputed the closing inventories for 1947, 1948, and 1949 by allocating to each a portion of the total overhead expenses based upon the relation of the number of production hours of each year represented in the closing inventories of that year to the total production hours of that year. The petitioner does not complain of the Commissioner's method of allocating a portion of the total overhead to the inventories. The overhead items for each year, portions of which the Commissioner allocated to the inventories, consisted of officers' salaries, rent, taxes, depreciation, repairs, light, heat and power, insurance, employees' welfare, factory stores, indirect factory labor, vacation, holiday and bonus pay, freight inward, and "miscellaneous."

Congress has made a number of specific provisions relating to inventories in paragraphs (c) and (d) of section 22. The petitioner has chosen to make its inventory on the basis of cost which is one of the methods approved. The Commissioner, pursuant to authority granted him in paragraph (c), promulgated Regulations 111 containing section 29.22 (c)–3, which is similar to provisions in a long line of earlier Regulations. It is there provided that cost means the inventory price of goods on hand at the beginning of the year and, in the case of merchandise produced by the taxpayer during the year, cost means the cost of raw materials and supplies entering into or consumed in connection with the product, expenditures for direct labor, and "indirect expenses incident to and necessary for the production of the particular article, including in such indirect expenses a reasonable proportion of management expenses   *   *   *."

The petitioner argues that if the Commissioner is to revalue the closing inventories for each year he should also be required to revalue the opening inventory for 1947 on the same basis. Provisions of the law and of the Regulations relating to a change in inventory or accounting methods have no application here where the adjustments

made by the Commissioner are to the very first year of the taxpayer's existence and do not represent a change in any methods long and consistently used by this taxpayer. The predecessor of the taxpayer had long and consistently used the same accounting and reporting methods, including the method of taking inventories at cost, which the taxpayer adopted and seeks to use in reporting its income, and the petitioner says the Commissioner should have required the predecessor taxpayer to adopt and use the method of computing inventory cost which he now seeks to impose upon the petitioner. However, if that was a fault of the Commissioner, it is one which the Court has no jurisdiction to correct in this proceeding. It is not unusual for a new corporation to have no opening inventory whatsoever. This petitioner took over the inventory of a predecessor in a nontaxable exchange and its basis for all assets thus acquired is the same as that of its predecessor. All overhead items of the predecessor were apparently deducted as annual expenses on its returns and there would be no equity in allowing the petitioner to add such items to its opening inventory and thus obtain a duplicate tax benefit from those expenditures of the predecessor taxpayer. The cost of goods sold during any year is determined by subtracting the amount of the closing inventory from the sum of the opening inventory, purchases of material during the year, salaries and wages incurred during the year applicable to the production of goods, and any other similar costs. Thus the opening inventory of the petitioner should equal the petitioner's basis for gain or loss on the articles contained in that inventory in order that its income from the ultimate disposition of those articles may be correctly reflected. No overhead expenses of the petitioner could possibly be included in that opening inventory since it had no such expenditures until after it received the items in that inventory. The evidence does not indicate that the opening inventory shown on the 1947 return was incorrectly computed or, if incorrectly computed, what would be a correct computation upon any theory and does not justify any change in that opening inventory.

The petitioner concedes that the addition of proper overhead expenditures to inventory in the case of taxpayers manufacturing and selling large quantities of identical items is proper and has the support of Regulations 111, section 29.22 (c)–3 (3). But it argues that the same method is unreasonable and arbitrary when applied to a business like its own in which all products are made on special orders. It makes some arguments in this connection which have no factual support in the record and merit no discussion. Wikstrom testified that most of the products made by the petitioner would be almost impossible to sell if for any reason they were not taken and paid for by the person who ordered them and it is argued that they were not "merchandise" within the meaning of that term as used in the Regu-

lations. However, no authority is cited and the Court sees no reason to hold that the word was not intended to cover articles of the kind produced by the petitioner. The method applies as appropriately to the petitioner's business as to that of the manufacturer of duplicate articles. It does not distort the income of the petitioner. Indeed, it is superior, since allocating overhead to cost of goods sold offsets that overhead against the sales of each year in computing the income of that year and thus gives a better correlation between income and expense than the method used by the petitioner under which all overhead expenses are deducted in the year in which incurred, regardless of how much of the work done in that year might be represented in goods not sold during the year but carried over in the closing inventory. There is evidence that some work in process in the opening inventory for 1947 was also in the closing inventory, and it is argued that this shows the inapplicability of the Commissioner's method to this business. However, the longer a particular job remains in inventory the greater the benefit of the Commissioner's method of retaining overhead costs to offset sales prices rather than deducting overhead annually and thus piling up a greater distortion of the ultimate profit or loss upon the disposition of the article. The evidence does not indicate that the application of this method to the petitioner's inventories would be unreasonably burdensome or expensive, as the petitioner contends. It does not require the allocation of the various overhead expenses to each item in the inventory but merely requires an allocation of a portion of the total overhead expenses to the total inventory in proportion to the number of production hours represented in that inventory. The record fails to show that the method used by the Commissioner does not conform as nearly as may be to the best accounting practices in the trade or business.

The petitioner separately attacks the Commissioner's determination on the ground that "such items as taxes and depreciation which are clearly proper 'deductions from gross income' " should not be included in overhead and allocated to inventory as a part of cost. It is not clear why the petitioner picks out the two items from a list of items all of which would qualify as "deductions from gross income." This argument, if carried to its logical conclusion, would throw out the entire adjustment made by the Commissioner, a result which the petitioner does not seek under this particular issue. The evidence shows that not all taxes were included in the list but it does not show that the taxes and depreciation selected were not indirect expenses incident to and necessary for the production of the particular articles included in the closing inventories.

The Code and Regulations are somewhat elastic on the subject of inventories but where, as here, the Commissioner has made a determination in regard to inventories in the very first year of the tax-

payer's existence, which determination is presumed to be correct, the taxpayer must show by the evidence that the Commissioner has gone beyond his authority under the Code and Regulations and the taxpayer's own method is a proper one thereunder. The petitioner has failed to advance any sound argument supported by evidence for disturbing the determination of the Commissioner in this case and the Court leaves the parties as it found them, without attempting to lay down any broad principles applicable to inventories generally.

*Decision will be entered for the respondent.*