Connolly Tool & Engineering Co. v. Commissioner.
Connolly Tool & Engineering Co. v. Commissioner
Docket No. 4855-62.
United States Tax Court
T.C. Memo 1964-202; 1964 Tax Ct. Memo LEXIS 135; 23 T.C.M. (CCH) 1222; T.C.M. (RIA) 64202; July 27, 1964
*135 Held, petitioner's opening inventory for computing cost of goods sold is zero since its basis in the inventories resulting from a tax-free exchange is zero. Held, further, a bonus authorized in 1958 payable "as soon as funds become available to permit such payment without undue inconvenience to the corporation" is deductible by petitioner, an accrual basis taxpayer, in its taxable year, ended August 31, 1960, in which the required funds became available. Graham R. E. Koch, for the petitioner. Williard A. Herbert, for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined deficiencies and additions to tax in the income taxes of petitioner for the taxable years and in the amounts as follows: Addition to Tax
Sec. 6651,
Year Ended
Deficiency
I.R.C. 1954
August 31, 1958
$4,155.74
$420.36
August 31, 1960
3,755.39
The addition to tax and certain other adjustments made by respondent in his statutory notice of deficiency are not contested by petitioner. The only issues are: (1) Whether petitioner is entitled to an opening inventory in its first fiscal year ended August 31, 1958, and (2) whether a bonus paid by petitioner to its president on March 17, 1960, was deductible in petitioner's fiscal year ended August 31, 1960. Findings of Fact The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. *137 Petitioner is a corporation incorporated under the laws of Texas and has its principal office in Dallas, Texas. It filed its Federal income tax returns with the district director of internal revenue at Dallas, Texas, for the fiscal year ended August 31, 1958, on March 18, 1959, and for the fiscal year ended August 31, 1960, pursuant to an extension of time, on February 15, 1961. Petitioner executed a consent extending the period of limitations for the fiscal year ended August 31, 1958, to December 31, 1962. Petitioner is a manufacturer of machine tools and was organized September 11, 1957, within the terms of section 351 of the Internal Revenue Code of 1954, as the sucessor to a machine tool manufacturing business which was owned and operated as a sole proprietorship by John C. Connolly. Since petitioner's organization, Connolly has been its president and has owned substantially all of its stock. Among the assets received by petitioner from its predecessor organization on September 11, 1957, were assets comprising the physical inventory of its predecessor. These latter assets were used by petitioner in its manufacturing process and were as follows: Work in process
$8,663.81
Raw materials
400.00
Supplies
500.00
*138 On its Federal income tax returns for the taxable years involved, petitioner included the costs of raw materials, supplies, and work in process in the year incurred in its cost of goods sold rather than using the inventory method of accounting for these items. In reporting income from petitioner's predecessor organization on his joint Federal income tax returns for 1956 and 1957, Connolly used the same method of determining cost of goods sold. In his statutory notice of deficiency respondent computed petitioner's cost of goods sold by the inventory method with an opening inventory of zero as follows: (a) Cost of goods sold in the amount of $168,278.82, as reported on the return, is decreased by $3,887.30 as computed below. Taxable income is accordingly increased in the amount of $3,887.30. Beginning inventory September 1,
1957 $0
Purchases
74,514.89
Labor
93,763.93
Cost of goods sold per return
$168,278.82
Less: Ending inventory
August 31, 1958: Raw materials
$1,240.00
Work-in-process
2,647.30
Total
3,887.30
Cost of goods sold as adjusted
$164,391.52
Cost of goods sold per return
168,278.82
Difference, increase of taxable
income
$ 3,887.30
*139 On August 1, 1958, petitioner's board of directors adopted the following resolution: Resolved, that this corporation recognizes and proclaims the advantage and value to it of the outstanding service and leadership rendered by its President, John C. Connolly, and in consideration of such extraordinary service, this corporation acknowledges its indebtedness to its President, not fixed by any previous obligation that there be paid to him in addition to his regular salary as heretofore fixed and in consideration of his outstanding and extraordinary services as stated above, the sum of $6,000, which amount this Board considers to be reasonable compensation, and which shall be paid as soon as funds become available to permit such payment without undue inconvenience to the corporation. The bonus amount set forth in this resolution was accrued as a liability on petitioner's books for its fiscal year ended August 31, 1958, and was deducted as a business expense in its Federal income tax return for that period. This bonus was paid on March 17, 1960, during petitioner's fiscal year ended August 31, 1960, and Connolly reported the amount as income on his Federal income tax return for the *140 year 1960. Petitioner used the accrual method of accounting in reporting taxable income during the years in issue. Petitioner's bank account showed monthend cash balances as follows: Cash Bal-
Bank
Date
ance
First National Bank in
May 1958
$11,973.71
Dallas
June 1958
9,907.03
July 1958
6,920.33
Aug. 1958
6,636.83
Sept. 1958
3,109.17
Oct. 1958
4,990.43
Nov. 1958
3,877.91
Dec. 1958
22,618.79
Jan. 1959
11,584.73
Feb. 1959
350.47
Mercantile National Bank
Feb. 1959
10,860.00
at Dallas
Mar. 1959
14,642.47
Apr. 1959
4,504.58
May 1959
16,110.28
June 1959
14,253.95
July 1959
11,619.22
Aug. 1959
22,711.98
Sept. 1959
14,774.64
Oct. 1959
12,579.22
Nov. 1959
11,228.99
Dec. 1959
15,039.40
Jan. 1960
49,610.82
Feb. 1960
35,901.81
Mar. 1960
19,821.50
Apr. 1960
23,148.69
May 1960
25,611.73
June 1960
25,088.29
July 1960
47,675.44
Aug. 1960
39,191.84
From petitioner's incorporation through the close of its fiscal year ended August 31, 1960, it secured the following loans: Loan
Date
Term
Bank
Amount
11/22/57
36 months
First National
$18,000
4/22/58
90 days
First National
10,000
10/16/58
90 days
First National
10,000
12/ 8/58
90 days
First National
10,000
2/17/59
36 months
Mercantile National
12,882
5/13/59
24 months
Mercantile National
2,180
5/ 5/59
90 days
Mercantile National
20,000
12/ 9/59
36 months
Mercantile National
10,350
*141 The loans made to petitioner by the First National Bank were secured by assignment of purchase orders or by chattel mortgages on machinery. This bank required from petitioner monthly profit and loss statements. The loans from the Mercantile National Bank were secured by petitioner's physical assets and certain life insurance policies belonging to Connolly. In his statutory notice of deficiency respondent disallowed the $6,000 bonus claimed by petitioner on its Federal income tax return for the year ended August 31, 1958, as follows: (b) It is determined under internal revenue laws that you are not entitled to deduct a certain bonus of $6,000.00 for the taxable year ended August 31, 1958, when accrued, nor are you entitled to deduct such bonus for the taxable year ended August 31, 1960, when paid. Deduction of the bonus in the year ended August 31, 1958, was denied under section 267 of the Internal Revenue Code of 1954. The resolution of August 1, 1958, authorizing the $6,000 bonus to Connolly created no liability for payment until funds became available to permit payment without undue inconvenience to petitioner. Petitioner could not have paid the *142 $6,000 bonus prior to January 1960 without undue inconvenience. Opinion The first issue is whether petitioner is entitled to an opening inventory of $9,563.81 representing work in process, raw materials, and supplies received from its predecessor organization in computing its cost of goods sold for its taxable year ended August 31, 1958. Petitioner does not contest respondent's determination that the use of inventories in computing its cost of goods sold is necessary to clearly reflect its income. Under section 351 of the Internal Revenue Code of 1954[1] no gain or loss was recognized upon the transfer of the physical inventories in question to petitioner by its predecessor organization, and the proprietorship's basis in these assets became their basis in the hands of petitioner under section 362. Section 351, however, does not exempt from taxation entirely gain on property transferred in qualified transactions but merely postpones the recognition of that gain until the property is transferred in a taxable transaction. Since petitioner's predecessor currently *143 included the cost of the physical inventories in question in its deduction for cost of goods sold, its basis in these assets at the time of their transfer to petitioner was zero. Thus, petitioner's basis in these assets was zero, and its gain realized on the taxable sale of these assets is measured by that basis. Respondent correctly fixed the beginning inventory in computing petitioner's cost of goods sold at zero in order to reflect the gain previously not recognized upon the transfer of the inventories to petitioner. Ezo Products Co., 37 T.C. 385; Frank G. Wikstrom & Sons, Inc., 20 T.C. 359; P. A. Birren & Son v. Commissioner, 116 F. 2d 718 (C.A. 7), affirming a Memorandum Opinion of this Court; Grain King Manufacturing Co., 14 B.T.A. 793. See, also, Textile Apron Co., 21 T.C. 147, at 153. The cases relied upon by petitioner involved changes in accounting methods previously used by the petitioner and have no application to cases involving a new taxpayer. See Frank G. Wikstrom & Sons, Inc., supra, at 360, 361; Ezo Products Co., supra. The second issue is whether the bonus of $6,000 authorized *144 on August 1, 1958, to be paid to petitioner's president "as soon as funds become available to permit such payment without undue inconvenience to the corporation" which was accrued on petitioner's books in its taxable year ended August 31, 1958, but not paid until March 17, 1960, is deductible by petitioner in its taxable year ended August 31, 1960. Respondent disallowed the deduction both for the taxable year ended in 1958 and for the taxable year ended in 1960. Deduction was disallowed in 1958 on the ground that the bonus was not paid within 2 1/2 months after the close of the taxable year as provided by section 267. Deduction was disallowed in the year 1960 on the ground that, though paid in 1960, it had accrued in 1958. Thus, in effect, the lack of sufficient funds to make the payment until 1960 was considered insufficient to defer accruability until that year and at the same time failure to pay the bonus in 1958 because of the lack of available funds deprived petitioner of the deduction in 1958. In our opinion the bonus was not accruable in 1958. Under the accrual method of accounting, an expense is deductible in the taxable year in which all the events have occurred which *145 determine the amount and the fact of the taxpayer's liability to incur the expense. United States v. Anderson, 269 U.S. 422; S. Naitove & Co., Inc., 8 B.T.A. 589, affd. 32 F. 2d 949 (C.A.D.C.), certiorari denied 280 U.S. 582; Income Tax Regs., sec. 1.461-1. There is no question that the amount of the bonus to petitioner's president was fixed in the resolution of August 1, 1958. Petitioner contends, however, that all the events necessary to make it liable to pay the bonus did not occur until within its taxable year ended August 31, 1960. Under the terms of the resolution authorizing the bonus, petitioner was not liable to pay its amount until such time as it had sufficient funds to make the payment without undue inconvenience. See E.B. & A. C. Whiting Co., 10 T.C. 102; Ames Reliable Products Co., 44 B.T.A. 176; Green Oil Soap Co. v. Reinecke, 36 F. 2d 599 (N.D. Ill.). The bonus expense did not accrue, therefore, until such time as petitioner had these funds. Dixie-Pine Products Co. v. Commissioner, 320 U.S. 516; Smith-Lustig Paper Box Manufacturing Co., 1 T.C. 503; *146 Field & Start, Inc., 17 B.T.A. 1206, affd. 44 F. 2d 1014 (C.A. 2), certiorari denied 283 U.S. 826. Petitioner's president testified that during the period August 1958 through December 1959 petitioner had insufficient funds for needed working capital and was forced to borrow to stay in business. Petitioner's month-end cash on hand during this period was seldom more than twice the amount of the bonus except in those months in which petitioner obtained bank loans. Payment of the bonus during these months would have reduced substantially petitioner's already small cash reserves and would have deprived petitioner of much-needed working capital. However, in January 1960, according to Connolly's testimony, petitioner received payment for certain work which had been in process for a substantial period of time and thereafter began to realize substantial profits. Petitioner's cash on hand in the months following January 1960 increased substantially, and the last bank loan it obtained in its fiscal year ended August 31, 1960, was made on December 9, 1959. We think petitioner has established that the $6,000 bonus to its president could not have been paid *147 without undue financial inconvenience until sometime after January 1, 1960. Petitioner's liability for the bonus, therefore, did not accrue until after that date, and the amount of the bonus is deductible as an expense in petitioner's taxable year ended August 31, 1960. Decision will be entered under Rule 50. Footnotes
1. All section references hereinafter will refer to the Internal Revenue Code of 1954.↩