MONARCH ELECTRIC & WIRE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13405. Promulgated May 28, 1928.

*Herbert G. Mayer, Esq.*, for the petitioner.
*Brice Toole, Esq.*, for the respondent.

OPINION.

MARQUETTE: It is the contention of the petitioner that the fair market value of the assets acquired by it from the old corporation is the amount at which they should be included in the petitioner's invested capital, and also the basis for computing the yearly allowance for exhaustion, wear and tear of the assets. It also claims that the allowance for exhaustion, wear and tear should be computed at the rate of 4 per cent for the building, and 10 per cent for machinery and equipment. The respondent urges that under section 331 of the Revenue Act of 1918 and section 331 of the Revenue Act of 1921, the assets can not be included in the petitioner's invested capital at any greater amount than they could have been included in the invested capital of the predecessor corporation.

As to the question whether section 331 of the Revenue Act of 1918 is applicable in computing the petitioner's invested capital, we are of the opinion that it does so apply. The petitioner corporation was organized for the very purpose of taking over the assets and succeeding to the business of the Schwab Electric Co. This was done by the issuance of capital stock of the petitioner. The stockholders of the petitioner were the identical individuals who held all the stock of the Schwab Company. The sole result of the reorganization was a change in the percentage of stock held by the four stockholders. None of the owners of Schwab Company stock withdrew and there were no new faces in the group which acquired the petitioner's stock. As we said in *Conrad & Co.*, 3 B. T. A. 692, " a 100 per cent interest in the property transferred to the corporation remained in the same individuals," and that statement applies here. The shifting of the percentages of stock ownership changed the voting power of the owners but still the interest and control remained in the same persons. *Baker, Hamilton & Pacific Co.*, 2 B. T. A. 1; *Strong, Hewat & Co.*, 3 B. T. A. 1035. The determination of the respondent in this regard is approved.

It is alleged by the petitioner and admitted by the respondent that the assets acquired by the petitioner from the old corporation had at the date of acquisition the values set forth in the findings of fact. Therefore, regardless of the fact that under section 331 of the Revenue Acts of 1918 and 1921 the petitioner can not include those assets in its invested capital at a greater amount than they could have been included in the invested capital of the old corporation, nevertheless,

their cost in stock, i. e., the fair market value when they were acquired by the petitioner, is the proper basis for computing allowances for exhaustion, wear and tear. *George A. Giles Co.,* 4 B. T. A. 335.

Upon consideration of the evidence relating to the rate at which depreciation of the depreciable assets should be computed, we are of the opinion that the petitioner's building had a useful life of not more than 25 years from January 1, 1920, and that allowance for depreciation should be computed at the rate of 4 per cent. The value of the leasehold, which is stipulated to have been $75,000 on March 1, 1920, should be spread over the remaining life of the leasehold beginning on that date. As to machinery and office equipment, the only testimony offered shows that they had an average useful life of 10 years on the date they were acquired by the petitioner. The allowance for depreciation of these assets should be computed at the rate of 10 per cent.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*