MOON JOURNAL PUBLISHING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14405. Promulgated November 2, 1928.

*Jay C. Halls, Esq., Albert L. Hopkins, Esq., Richard S. Doyle, Esq.,* and *Harry B. Sutter, Esq.,* for the petitioner.
*Harry Le Roy Jones, Esq.,* for the respondent.

OPINION.

SIEFKIN: The parties have stipulated that the sole issue in this proceeding—

is whether, under Section 234 (a) (4) of the Revenue Act of 1921, and the regulations promulgated thereunder, the petitioner is entitled to deduct from gross income on its 1921 income tax return the sum of $6,862.74, representing the cost of the rural subscription list.

Section 234 (a) (4) of the Revenue Act of 1921 is as follows:

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise; unless, in order to clearly reflect the income, the loss should in the opinion of the Commissioner be accounted for as of a different period. No deduction shall be allowed for any loss claimed to have been sustained in any sale or other disposition of shares of stock or securities made after the passage of this Act where it appears that within thirty days before or after the date of such sale or other disposition the taxpayer has acquired (otherwise than by bequest or inheritance) substantially identical property, and the property so acquired is held by the taxpayer for any period after such sale or other disposition, unless such claim is made by a dealer in stock or securities and with respect to a transaction made in the ordinary course of its business. If such acquisition is to the extent of part only of substantially identical property, then only a proportionate part of the loss shall be disallowed. In case of losses arising from destruction of or damage to property, where the property so destroyed or damaged was acquired before March 1, 1913, the deduction shall be computed upon the basis of its fair market price or value as of March 1, 1913.

We consider that the evidence is incomplete to show either a closed transaction or a definite abandonment in 1921. The petitioner, as late as 1926, had a considerable number of rural (mail) subscribers. We are not satisfied either that the asset acquired by the petitioner lost its value in 1921 because of competition and because of expiration of five-year subscriptions, or that the petitioner abandoned the asset in 1921. See *The Danville Press*, 1 B. T. A. 1171. It can be fairly said that the evidence points to the fact that the five-year subscriptions obtained as the result of the prize contest expired in 1919 or 1920 and that, though the petitioner considered the rural subscriptions of little value, it obviously did not refuse these that voluntarily renewed. It may be true that efforts to increase the rural list slackened or ceased, but such fact does not evidence a loss of value, or an abandonment.

*Judgment will be entered for the respondent*