**BROOKS v. COMMISSIONER OF INTERNAL REVENUE.**

Circuit Court of Appeals, Fourth Circuit.
October 15, 1929.

No. 2860.

John H. Small, of Washington, D. C., for petitioner.

Randolph C. Shaw, Sp. Asst. Atty. Gen. (Mabel Walker Willebrandt, Asst. Atty. Gen., Sewall Key, Sp. Asst. Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Prew Savoy, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before PARKER and NORTHCOTT, Circuit Judges, and GRONER, District Judge.

NORTHCOTT, Circuit Judge. Petitioner is a resident of Maryland, and owned about 75 per cent. of the capital stock of the Sanford & Brooks Company, a corporation.

There were seven or eight other stockholders, consisting of young men in the office of the company and a daughter of the petitioner. At a meeting of the stockholders of the company on March 11, 1919, an 8 per cent. dividend was declared on the capital stock, and $12,800, the amount to which petitioner was entitled, was credited to him on the company's books. It was, however, agreed among the stockholders present at this meeting that the dividends should not be paid until the corporation was in funds which it could spare for that purpose. All the stockholders, except the petitioner, were paid this dividend, in the year 1919.

On February 25, 1920, at an annual meeting of the stockholders of the company, another 8 per cent. dividend was declared and credited to the stockholders on the books of the company. $12,640, the amount of petitioner's dividends, was again credited to him on the books. The same agreement was had. Again all the minority stockholders were paid their dividends in 1920. The petitioner was not paid.

Again at the stockholders' meeting on March 11, 1921, another 8 per cent. was declared and credited to the stockholders. The same agreement was had. Again all the minority stockholders were paid the full amount of their dividends in 1921, and the petitioner was paid on account, the sum of $4,287.91.

The minority stockholders were paid their dividends for the years 1919, 1920, and 1921, while the entire amount of petitioner's dividends, for the years 1919 and 1920, and part of the amount for the year 1921, were left unpaid; that is, all other stockholders were paid the entire amount of their dividends for the year 1921, while the dividends declared the petitioner for the year 1919 remained wholly unpaid.

The Commissioner of Internal Revenue, the respondent, determined that these dividends were income to the petitioner for years 1919, 1920, and 1921, from which determination the petitioner appealed to the Board of Tax Appeals, on the ground that these dividends were not properly chargeable to the petitioner as income for the years in question. The respondent filed an answer before the Board of Tax Appeals, in which it was alleged that the surplus of the Sanford & Brooks Corporation on December 31, 1918, was $67,673.57, on December 31, 1919, was $97,818.67, on December 31, 1920, was $94,652.83, and on December 31, 1921, was $252,235.81.

The Board of Tax Appeals approved the

determination of the Commissioner, and found against the petitioner, from which action of the Board this petition to review was filed.

It is agreed and so found in the findings of fact of the Board of Tax Appeals that the dividends in question were declared with the condition that they were to be paid when funds were available for that purpose, and the sole question presented for our consideration is whether funds were available during the several years in question to pay the dividends.

■ On this point the Commissioner of Internal Revenue held that funds were available to pay the dividends in each year, and were constructively received by the petitioner when the amount of the dividends was credited to him on the books of the company. It is a well-established presumption that the Commissioner acted regularly and in accordance with the law. Gonzales v. Ross, 120 U. S. 605, 7 S. Ct. 705, 30 L. Ed. 801.

■ The presumption also is that officers have acted upon knowledge of the material facts. United States v. Chemical Foundation, Inc., 272 U. S. 1, 47 S. Ct. 1, 71 L. Ed. 131.

■ In applying to the Board of Tax Appeals to review the determination of the Commissioner, it was incumbent upon the petitioner to show that the determination was erroneous. The evidence, as to the availability of the funds with which to pay the dividends certainly was within the knowledge of the petitioner, if it existed. Yet, in testifying, he did not offer any proof on this point, nor did he attempt to supply it through other officers of the corporation.

The Sanford & Brooks Corporation is what may be called a one-man corporation. The petitioner owned the majority of the stock. The minority stockholders were employees of the company and petitioner's daughter. In his evidence before the Board, the petitioner testified that directors of the corporation were employees · of the company, and included his two sons, and that there was always a quorum of directors in the office. The inference is clear that, with respect to action as to the dividends declared, the petitioner was the controlling influence. The respondent in its answer alleged that the surplus of the corporation had increased from $67,000 in 1918 to $252,000 in 1921. All the dividends were paid to all the other stockholders in each of the years in question, while the dividends of the petitioner remained unpaid; that is to say, though petitioner's 1919 dividends remained unpaid, the other stockholders received their dividends, without abatement or delay, for that year and also for the subsequent years.

The entry on the books of the company giving petitioner credit for the dividends for each succeeding year, thereby making him, instead of a stockholder with a dividend due him conditionally, a creditor of the corporation, while not conclusive as to the character of the transaction, is certainly strong evidence supporting the conclusion that petitioner left the dividends with the company more in the character of loans than that of contingent dividends.

The evidence that would make the situation perfectly clear was available to the petitioner, but was not furnished by him. ■ From the evidence in the record, choosing, as the petitioner evidently did, to permit the other stockholders to be paid each year as the dividends were declared, and allowing his own dividends to remain as a credit on the books, refusing, as he did, to furnish any evidence as to the availability of the funds when he could easily have done so, we are clearly of the opinion that, in sustaining the determination of the Commissioner, the Board of Tax Appeals was right, and the case is accordingly affirmed.