ANCHOR CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.

No. 2971.

*Circuit Court of Appeals, Fourth Circuit.*

June 16, 1930.

C. F. Cocke, of Roanoke, Va., and Theodore B. Benson, of Washington, D. C., for petitioner.

John H. McEvers, Sp. Asst. to the Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., J. Louis Monarch, Sp. Asst. to the Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Joe S. Franklin, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before PARKER, Circuit Judge, and GRONER and SOPER, District Judges.

PARKER, Circuit Judge.

This is an appeal from an order of the Board of Tax Appeals affirming a deficiency assessment of income taxes for the year 1924. In that year the taxpayer sold an office building in Roanoke, Va. For the purpose of determining the gain or profit derived from the sale, this property was valued as of March 1, 1913, in the income tax return of the taxpayer at $205,000. The Commissioner of Internal Revenue valued it as of that date at $110,112, and this valuation was approved by the Board of Tax Appeals.

It is admitted that the real estate upon which the building was erected was acquired in 1909 for $25,535.56; that a three-story building was erected thereon prior to March 1, 1913, at a cost of $82,198.84; and that, in his determination of the value of the property as of March 1, 1913, the Commissioner valued the land at $29,659.96 and the building at $80,452.14. The taxpayer complains that the Board approved this valuation instead of adopting the testimony as to market value given by a witness Franklin, who placed the value of the property as of March 1, 1913, at from $195,000 to $210,000. It appears, however, that the valuation of Franklin was based in large part upon his estimate of the cost of reproduction of the building, and that he admitted that this estimate would apply to construction in 1910 as well as in 1913. It was, of course, for the Board to say what weight it would give this testimony; and certainly it was entitled to no great weight when based upon an estimate which far exceeded the actual cost of construction.

The fair market value of the property as of March 1, 1913, was peculiarly a question of fact for the determination of the Board. It had before it, not only the opinion evidence relied upon by the taxpayer, but also the facts as to the cost of the property, the cost of the improvements placed thereon, the rate of depreciation, and the valuation fixed by the Commissioner of Internal Reve-

nue, the last of which was prima facie correct. Brooks v. Commissioner (C. C. A. 4th) 35 F.(2d) 178; Wickwire v. Reinecke, 275 U. S. 101, 105, 48 S. Ct. 43, 72 L. Ed. 184. What weight was to be given to these various matters in determining the value as of March 1, 1913, was for the Board to decide; and there is nothing to show that it abused its discretion or proceeded upon any erroneous view of the law. In such case, this court has no power to review the finding or to substitute its judgment for that of the Board. House & Herrmann v. Lucas (C. C. A. 4th) 36 F.(2d) 51; Guy v. Commissioner (C. C. A. 4th) 35 F.(2d) 139.

It is said that the Board had before it no evidence, except the testimony of Franklin, as to market value on March 1, 1913; but this ignores the determination of the Commissioner, which was before the Board, and, as shown above, was prima facie correct. And even if this were not true, we do not think that the Board, on the question of valuation, is to be held bound by the opinion of experts. Such evidence is competent, but it is not to be blindly followed. It should be weighed by the Board in the light of the other facts developed in the case and of the general knowledge and experience of the members, and is by them to be given only such weight as in the light thereof may seem to be just and reasonable. The Conqueror, 166 U. S. 110, 131, 17 S. Ct. 510, 41 L. Ed. 937; Head v. Hargrave, 105 U. S. 45, 49, 26 L. Ed. 1028; Am-Plus Storage Battery Co. v. Commissioner (C. C. A. 7th) 35 F.(2d) 167, 169.

In passing upon questions of fact, the function of the Board is not unlike that of a jury at common law; and the rule laid down by Mr. Justice Field in Head v. Hargrave, supra, as to the duty of the jury in dealing with expert testimony, is applicable here. Said he:

"The evidence of experts as to the value of professional services does not differ, in principle, from such evidence as to the value of labor in other departments of business, or as to the value of property. So far from laying aside their own general knowledge and ideas, the jury should have applied that knowledge and those ideas to the matters of fact in evidence in determining the weight to be given to the opinions expressed; and it was only in that way that they could arrive at a just conclusion. While they cannot act in any case upon particular facts material to its disposition resting in their private

knowledge, but should be governed by the evidence adduced, they may, and to act intelligently they must, judge of the weight and force of that evidence by their own general knowledge of the subject of inquiry. ⸭ ⸭ ⸭ And, while great weight should always be given to the opinions of those familiar with the subject, they are not to be blindly received, but are to be intelligently examined by the jury in the light of their own general knowledge; they should control only as they are found to be reasonable."

There was nothing in the action of the Board subject to review by this court, and its order is accordingly affirmed.

Affirmed.