BURLINGTON GAZETTE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40151.   Promulgated October 31, 1930.

*Arnold L. Guesmer, Esq.*, for the petitioner.
*B. M. Coon, Esq.*, for the respondent.

## OPINION.

TRUSSELL: There is no controversy as to the facts in this proceeding, as hereinbefore stated. The parties hereto are also in accord as to the fact that, for income-tax purposes, no gain or loss to the transferors was recognized upon the transfer of the assets in question to the petitioner in 1921 for its stock, pursuant to sections 202 (c)(3) of the Revenue Act of 1921 and 203 (b)(4) of the Revenue Acts of 1924 and 1926, which provide that no gain or loss shall be recognized if property is transferred to a corporation by two or more persons in exchange for stock in such corporation and immediately after the exchange such persons are in control of the corporation and, further, if the amount of stock received by each of such persons is substantially in proportion to his interest in the property prior to the exchange.

This proceeding presents one issue of law, involving the determination of the correct basis for the depreciation of the said transferred assets during 1924 and 1925.

The pertinent provisions of the Revenue Acts of 1924 and 1926 are as follows:

SEC. 204. (c) The *basis* upon which depletion, exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the same as is provided in subdivision (a) or (b) for the purpose of determining the gain or loss upon the sale or other disposition of such property, * * *

SEC. 204. (a) The *basis* for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be at the cost of such property; except that—

* * * * * * *

(8) If the property * * * was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in paragraph (4) of subdivision (b) of section 203 * * * then the *basis shall be the same as it would be in the hands of the transferor*, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made. (Italics supplied.)

The language employed in the above-quoted sections of the revenue acts is clear and unequivocal. The depreciation during 1924 and 1925 upon the assets in question must be computed upon the same *basis* as would have been used had the property remained in the hands of the transferors, and that basis must be increased or decreased, i. e., adjusted, by the amount of gain or loss recognized to the transferors upon the transfer made in 1921. The parties are in accord as to the fact that no gain or loss was recognized to the transferors in 1921 and accordingly there are no adjustments to be made to the transferors' depreciation basis. Section 204 of the Revenue Acts of 1924 and 1926 provides for the *basis* for determining gain or loss, depletion and depreciation, and pursuant to its provisions this petitioner's transferors' depreciation *basis* would be the cost of the assets in question without any diminution on account of prior accumulated depreciation. Accordingly, the depreciation basis used by the petitioner in its computation is the correct basis, for such basis would have been the transferors' basis had the property remained in their hands. Cf. *Grain King Mfg. Co.*, 14 B. T. A. 793; *L. H. Philo Corporation*, 16 B. T. A. 130.

The respondent contends that section 202 of the Revenue Acts of 1924 and 1926 applies to the case at bar and he has employed that section as authority for diminishing the transferors' depreciation basis by accumulated depreciation in arriving at what he terms this petitioner's depreciation basis. That section refers only to the determination of the amount of gain or loss and has no application to the determination of the *basis*, i. e., the starting point, upon which gain or loss is to be determined. The said section provides that the *basis* shall be determined as provided in section 204 (a) or (b) and further that such *basis* shall be *adjusted, inter alia,* by accumulated depreciation up to the date of the disposition of the property. The said section 202 has no application to the determination of this petitioner's depreciation basis.

We are of the opinion that the respondent erred in adjusting the transferors' depreciation basis, i. e., cost of the assets, which is also this petitioner's depreciation basis, by accumulated depreciation up to the date of the transfer in 1921.

It appears that a portion of the deficienies results from other adjustments made by respondent, but not in controversy and accordingly,

*Judgment will be entered pursuant to Rule 50.*