## NATIONAL WEEKLIES, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 12540.

Circuit Court of Appeals, Eighth Circuit.

July 19, 1943.

---

Sherman W. Child, of Minneapolis, Minn., for petitioner.

Warren F. Wattles, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty Gen., on the brief), for respondent.

Before THOMAS and JOHNSEN, Circuit Judges, and VOGEL, District Judge.

JOHNSEN, Circuit Judge.

The taxpayer has petitioned for review of a decision of the Board of Tax Appeals (now the Tax Court of the United States) redetermining deficiencies in its income taxes for 1935 and 1936.

The first item involved is one of $1,080, deducted by petitioner in its 1935 return as salary paid an employee named Klein. It consisted of an accumulation of sums withheld from Klein's earnings, as "a sort of sinking fund" or reserve for the payment of a $2,000 note which Klein had given the company for an indebtedness some years before. Klein left the company's employ in 1935, and the $1,080 accumulation was then applied upon his note. The Board held that petitioner had not sustained the burden of demonstrating that the Commissioner's determination was wrong, by definite proof that the accumulation represented earnings of Klein for 1935, and it accordingly disallowed the deduction, since, as it said, "it is not clear from the record whether these amounts were withheld in 1935, or in prior years."

On the evidence before us, we cannot say that the Board erred in this conclusion. The testimony of petitioner's president, who was its only witness, shows that the corporation had set up a formal reserve account for Klein's indebtedness, on its records, in 1935, but it does not satisfactorily indicate whether the accumulations involved had been earned and withheld before the reserve account was formally set up, or not. That point certainly was susceptible of definite proof, by un-

equivocal oral testimony or by specific record entries.

■■ When a taxpayer challenges the factual warrant for a deficiency assessment by the Commissioner, he must produce evidence before the Board of Tax Appeals which reasonably demonstrates that the Commissioner was wrong. Burnet v. Houston, 283 U.S. 223, 51 S.Ct. 413, 75 L. Ed. 991; Lumaghi Coal Co. v. Helvering, 8 Cir., 124 F.2d 645; Clements v. Commissioner, 8 Cir., 88 F.2d 791. If the taxpayer's evidence is so equivocal and indefinite as not to afford a satisfactory legal basis for determining the facts, the Board may properly declare that he has failed to sustain the burden of demonstrating that the Commissioner was wrong and may uphold the deficiency determination accordingly. Mahler v. Commissioner, 2 Cir., 119 F.2d 869.

The second item involved is one of $7,841.63, which the Commissioner had included as taxable income of petitioner for 1935, and on which the Board redetermined a similar deficiency. It consisted of the value of some machinery and equipment which Emil Leicht, president of petitioner, had turned over to the corporation in 1935.

Leicht, in 1933 and 1934, as a side line, had engaged in the personal publication of a magazine known as "Mothers' Home Life" and had made a profit out of the venture. His contract with petitioner required him to devote all his time and attention to the corporation's printing and publishing business and specifically prohibited him from publishing any outside newspaper or periodical. In 1935, the other stockholders of petitioner objected to Leicht's magazine activities. He testified for petitioner as to what then occurred, as follows: "I told them I would turn it [the magazine] over to them if they would pay me what I paid for it. They said they wouldn't pay a dime for it because I had a contract that I couldn't enter into publication personally. They showed me the contract, and I saw that I had obligated myself, and I turned it over to them without any compensation, turned it over to National Weeklies."

On cross-examination, he repeated: "So then, when they wanted it, I tried to get back what I paid for it and they wouldn't give me anything for it. I just turned it over to them when I read the contract." He admitted that petitioner had a cause of action against him for breach of his contract, but he did not attempt to elucidate further his reason for turning over the magazine and the machinery and equipment which had been used in its publication, nor did petitioner see fit to offer any other evidence of why or on what basis the corporation had accepted the property.

In this situation, the Board declared: "We are satisfied from the evidence that Leicht's transfer of the subscription lists and equipment of Mothers' Home Life to the petitioner was not intended to be, and was not, a gift. The apparent object of the transfer was to recompense petitioner for the violation by Leicht of his employment contract. The transaction was therefore one which gave rise to taxable gain to petitioner to the extent of the value of the property which it received."

■ This conclusion was a reasonable and permissible one on the evidence produced. In the absence of some more definite and convincing explanation of the transaction, the inference that the transfer was made in satisfaction of Leicht's contract liability was at least as much warranted as would have been the inference that a mere gift was intended. "It is the function of the Board, not the Circuit Court of Appeals, to weigh the evidence, to draw inferences from the facts, and to choose between conflicting inferences." Wilmington Trust Co. v. Helvering, 316 U.S. 164, 168, 62 S.Ct. 984, 986, 86 L.Ed. 1352; also Helvering v. National Grocery Co., 304 U.S. 282, 294, 58 S.Ct. 932, 82 L.Ed. 1346.

■ Petitioner further contends that the Board erred in accepting the value of $7,841.63 placed upon the machinery and equipment by the Commissioner, and in refusing to credit Leicht's testimony that the property was practically valueless or at any rate was not worth more than $500. In his deficiency assessment, the Commissioner had arrived at the value of the machinery and equipment by taking the cost thereof to Leicht and deducting the customary depreciation for tax purposes. The Commissioner did not attempt to place any taxable value on the subscription lists. Leicht testified that the machinery and equipment had a junk value of only $35, and that it could all have been duplicated in the second hand market for less than $500. This testimony was in spite of the fact that he had himself paid $1,375 in the market for only a small part of the property a few months previously, when it had become nec-

essary for him to increase his equipment. It also appeared from his testimony that, at the time he agreed to turn the property over to the corporation, he thought that he should at least have been paid the amount of his investment. The Board said: "The reasoning upon which Leicht based his opinion that the equipment in question had little or no value as of June, 1935, is neither sound nor reliable. His opinion must therefore be disregarded. Inasmuch as no other opinion of value was expressed by any witness for the petitioner, the respondent's determination that the machinery and equipment had a value of $7,841.63 and that said amount constituted income to petitioner is sustained."

A taxpayer who challenges the factual basis of a deficiency assessment by the Commissioner must produce such evidence before the Board of Tax Appeals as will enable and legally require the Board of Tax Appeals to make an independent determination of the salient facts. Majestic Securities Corp. v. Commissioner, 8 Cir., 120 F.2d 12; Rowan v. Commissioner, 5 Cir., 120 F.2d 515; Wilcox v. Commissioner, 6 Cir., 119 F.2d 899; Mahler v. Commissioner, 2 Cir., 119 F.2d 869. Where the only evidence before the Board of Tax Appeals to challenge the Commissioner's valuation of property is opinion evidence of so inherently weak and improbable a nature that it is not legally required to be credited, and the record presents no general facts from which the Board can reasonably resolve the question of value in the light of its own general knowledge, experience and judgment, the Board has the right to accept and sustain the Commissioner's determination as not having been demonstrated to be wrong. Anchor Co., Inc., v. Commissioner, 4 Cir., 42 F.2d 99, 100; Gloyd v. Commissioner, 8 Cir., 63 F.2d 649, certiorari denied 290 U.S. 633, 54 S.Ct. 52, 78 L.Ed. 551; O'Laughlin v. Helvering, 65 App.D.C. 135, 81 F.2d 269, 271; Powell v. Commissioner, 1 Cir., 94 F.2d 483, 486. See also Reading Co. v. Commissioner, 3 Cir., 132 F.2d 306.

The last two items involved are depreciation deductions of $959.05 and $943.-25, for 1935 and 1936, from the value of petitioner's newspaper subscription lists, which both the Commissioner and the Board had disallowed. The Board has repeatedly held that a newspaper subscription list is an intangible asset, not ordinarily limited as to time in its use, and so not subject to allowable depreciation for tax purposes. Appeal of The Danville Press, Inc., 1 B.T.A. 1171; Appeal of Gardner Printing Co., 4 B.T.A. 37; Appeal of Herald-Despatch Co., 4 B.T.A. 1096; Moon Journal Publishing Co. v. Commissioner, 13 B.T.A. 1379; Successful Farming Publishing Co. v. Commissioner, 23 B.T.A. 150. See also Meredith Pub. Co. v. Commissioner, 8 Cir., 64 F.2d 890, certiorari denied 290 U.S. 646, 54 S.Ct. 64, 78 L.Ed. 560; National Weeklies, Inc., v. Reynolds, D.C. Minn., 43 F.Supp. 554, 556. It was petitioner's contention before the Board that this rule could not soundly be applied to the subscription lists of foreign-language newspapers, because such lists in the past few years have proved to be subject to a constant loss of subscribers, without any opportunity for commercial replacement, and, as a capital asset, are therefore definitely limited as to time in their use.

The Board did not deem it necessary to resolve the question whether any sound distinction existed, for depreciation allowance purposes, between the subscription lists of foreign-language newspapers and those of English-language newspapers, because, as it stated in its memorandum opinion, the evidence in any event failed to establish the depreciation basis necessary under sections 203, sub. (b) (4) and 204, sub.(a) (8) of the Revenue Act of 1924, 26 U.S.C.A. Internal Revenue Acts, pages 5, 7 and 9.

Petitioner had been organized in 1924, as a merger of two other publishing corporations, which transferred their assets to the new corporation and received all of its capital stock in proportion to their interest in the property prior to the exchange. The circulation list of one of the consolidating companies had been taken over on the basis of a $30,000 proportionate value and that of the other on the basis of a $50,000 proportionate value. Petitioner sought a depreciation deduction for the percentage of subscriptions lost from the original circulation lists, during the two years involved, on the basis of these values, without attempting to show the cost of the circulation lists to its transferors.

The Board said: "Those facts bring the transaction within the provisions of section 203(b) (4), Revenue Act of 1924, as one upon which neither gain nor loss is to be recognized. Section 204 (a) (8) of the same Act provided that after such a transaction the cost basis of the assets in the

hands of the new owner shall be the same as it was in the hands of the transferors—in other words, the cost basis of the assets when owned by the two concerns which merged to form petitioner. Moreover, the basis for purposes of computing allowances for depreciation is the same as for the determination of gain or loss upon the disposition of property. Burlington Gazette Co. v. Commissioner, 21 B.T.A. 156. * * * What that basis was, the record does not disclose and therefore the question of whether petitioner might be entitled to an allowance for the depreciation of its subscription lists becomes moot."

There is nothing in the subsequent Revenue Acts that permits of the application of any other rule to the situation. Cf. 26 U.S.C.A. Internal Revenue Code, § 113, sub.(a) (8), § 114, sub.(a).

The decision of the Board of Tax Appeals is affirmed.