842 F.2d 1290
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Chester W. FANNON, Jr.; Mary T. Fannon, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 87-1110.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 3, 1987.
Decided March 11, 1988.
 
 Appeal from the United States Tax Court. W.M. Drennen, Tax Court Judge. (Tax Ct. No. 33986-84)
 James W. Morris, III (Richard C.L. Starke; Browder, Russell, Morris & Butcher, P.C. on brief), for appellants.
 Jane Smedley Kimball, Tax Division, Department of Justice (Michael C. Durney, Acting Assistant Attorney General; Michael L. Paup; Richard Farber, Tax Division, Department of Justice, on brief), for appellee.
 Before K.K. HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Chester W. Fannon, Jr. and Mary T. Fannon ("Fannons") appeal the decision of the United States Tax Court, which found that the Fannons were entitled to a charitable deduction in the amount of $90,956, the value of a donation of a scenic easement. We modify the determination of the Tax Court and otherwise affirm.
 
 
 2
 In 1979, the Fannons, husband and wife, conveyed to the Virginia Outdoors Foundation,[1] an open-space easement in gross over, and a right in perpetuity to restrict the use of approximately 308.25 acres of their property (hereafter referred to as the "scenic easement"). The restrictions imposed by the scenic easement on the use of this property included, inter alia, prohibitions against dumping of refuse, limitations on outdoor advertising, and restrictions on subdivision and development.
 
 
 3
 For the federal taxable year 1979, the Fannons reported the value of the scenic easement as $236,752 and claimed the maximum allowable deduction, $56,253. Deductions in the amount of $79,209.90 and $57,199 were carried over to the Fannons' 1980 and 1981 federal income tax returns, respectively.[2] In his notice of deficiency, the Commissioner valued the scenic easement at zero and disallowed the Fannons' deductions for those three taxable years.
 
 
 4
 The Tax Court reviewed the evidence presented by the experts from both sides and found that their reports and testimony were too dissimilar and "result oriented" to be given any weight in determining the fair market value of the scenic easement. Accordingly, the Tax Court, applying its own judgment, concluded that the fair market value of the easement was $90,956. The Fannons appeal, contending that the assessment is too low.
 
 
 5
 The Tax Court relied primarily on the report of the Commissioner of Revenue of Rappahannock County ("assessor") in valuing the scenic easement. That report stated that appellants' property was valued at from $1,000 to $1,200 per acre before the scenic easement, but was later lowered to $700 per acre after the donation of the easement.[3] The Tax Court concluded, however, that because "the assessor's devaluation represents a rather high percentage of the value before the easement for property for which there was little prospect of immediate development, we cannot accept it as determinative...." Accordingly, the Tax Court calculated the value of the easement as follows:
 
 
 6
 Assessor's
 PreEasement PostEasement Total Parcel
Acres Value Per Acre Value Per Acre Devaluation Devaluation
161.72 $1,000 $800 $200 $32,344
28.20 1,200 800 400 11,280
118.33 1,200 800 400 47,332
 Total Devaluation $90,956
 
 
 7
 This Court has no power to overturn the finding of the Tax Court unless discretion was abused, or the Court proceeded on an erroneous view of the law. Anchor Co. v. Commissioner of Internal Revenue, 42 F.2d 99 (4th Cir.1930). Since the issue on appeal is purely a question of fact, our inquiry is limited to whether there was substantial evidence to support the Tax Court's conclusion that the fair market value of the scenic easement was only $90,956.
 
 
 8
 In this case, the Tax Court's determination of the pre-easement value of appellants' property was undoubtedly correct. In addition to the assessor's report, the Fannons' expert testified that the pre-easement value of the property was $336,000 or an average of $1,090 per acre, while the Commissioner's expert testified that the property was worth $345,000, or nearly $1,120 per acre. The Tax Court erred, however, in concluding that, after the easement, the property value declined only $200 per acre on the 161 acre tract and $400 per acre on the 28 and 118 acre tracts. The Tax Court justified this modification of the assessor's post-easement valuation on the basis that the assessor's devaluation "represents a rather high percentage of the value before the easement for property for which there was little prospect of immediate development...." (emphasis added) The reasoning advanced by the Tax Court would support a modification of the pre-easement value, but not the post-easement value. Since the Tax Court gave no other reason for its adjustment of the assessor's post-easement valuation, we conclude that the valuation of the property at $800 per acre, after the easement, was not supported by substantial evidence.
 
 
 9
 Moreover, we see no reason, considering the accuracy of the assessor's report with respect to the pre-easement value, why the assessor's post-easement value of $700 per acre should not also be adopted. Using this figure, we conclude that the value of the scenic easement should be increased by $100 per acre. Accordingly, the amount of the Fannons' charitable deduction is modified by $30,825,[4] to reflect a total deduction of $121,781.
 
 
 10
 The decision of the Tax Court is modified and the case remanded for entry of a dispositive order consistent with this opinion.
 
 
 11
 MODIFIED AND REMANDED.
 
 
 
 [1]
 Virginia Outdoors Foundation is a qualified charitable organization described in section 170(c)(2) of the Internal Revenue Code of 1954
 
 
 [2]
 Only the Fannons' 1979, 1980 and 1981 federal income tax returns are before this Court
 
 
 [3]
 The easement included three tracts of land. A 161.72 acre tract was devalued from $1,000 per acre to $700 per acre, while 28.20 and 118.33 acre tracts were both reduced from $1,200 per acre to $700 per acre
 
 
 [4]
 The Tax Court determined that the scenic easement totaled 308.25 acres